IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| NATHAN and SAIBEEN ACORD,<br><br>Plaintiff,<br><br>vs.<br><br>OPEN MORTGAGE, LLC,<br><br>Defendants. | CV-20-50-GF-BMM<br><br>ORDER DENYING MOTION TO DISMISS. |

Plaintiffs Nathan and Saibeen Acord (Plaintiffs) filed a Complaint against Defendant Open Mortgage, LLC, in the Eighth Judicial District Court, Cascade County, Montana. Doc. 1−1. Open Mortgage removed the suit to federal court. Doc. 1. Open Mortgage filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Doc. 5. This Court held a hearing on September 29, 2020. Doc. 32.

BACKGROUND

Plaintiffs approached Open Mortgage about acquiring a home loan in December 2019. Doc. 9 at 1. Open Mortgage required Plaintiffs to provide a variety of financial documents, including the divorce decree from Nathan's previous marriage. *Id*. at 2. Plaintiffs provided these financial documents. *Id*. Open Mortgage pre-approved Plaintiffs for a $320,000 home loan. *Id*.

1

Plaintiffs sold their current house and made an offer on a new house. *Id*. Plaintiffs sought to close both sales simultaneously on February 28, 2020. *Id*. Open Mortgage notified Plaintiffs on February 24, 2020, that Plaintiffs' home loan application had been denied because Nathan's ex-wife had fallen behind on her mortgage. *Id*. Open Mortgage told Plaintiffs that their home loan application could not be approved until Nathan's ex-wife became current on her mortgage. *Id*. Nathan paid $1,367 to get his ex-wife current on her mortgage. *Id*. Plaintiffs allege that Open Mortgage told them that their home loan application should now be approved. *Id*.

Open Mortgage told Plaintiffs again that their home loan application could not be approved. *Id*. Open Mortgage told Plaintiffs that Nathan's ex-wife also had fallen behind on her property taxes. *Id*. at 3. Plaintiffs allege that Open Mortgage told them that their home loan application could not be approved until Nathan's ex-wife paid her property taxes. *Id*. Open Mortgage also advised Plaintiffs that they needed to separate their business debt from their personal debt. *Id*. Plaintiffs satisfied these conditions. *Id*. Plaintiffs allege that Open Mortgage told them their home loan application had been approved, but the closing date for their new house would be delayed until early March. *Id*.

Plaintiffs were unable to delay the sale of their current house. *Id*. Plaintiffs moved into their new house on February 28, 2020, and agreed to pay the seller $55

per day until closing. *Id*. Open Mortgage told Plaintiffs on March 2, 2020, that their home loan application again had been denied because of Nathan's ex-wife's delinquencies. *Id*. Plaintiffs were not able to make the March payment on their new house without financing. *Id*. Plaintiffs moved in with Nathan's parents.

**LEGAL STANDARD**

When a party challenges a claim under Rule 12(b)(6), this Court presumes as true all well-pleaded allegations, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Barker v. Riverside Co. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). This Court will grant a Rule 12(b)(6) motion only if, after viewing the allegations in this manner, this Court finds that the allegations "lack . . . a cognizable legal theory or . . . sufficient facts alleged under a cognizable legal theory." *In re Tracht Gut*, LLC, 836 F.3d 1146, 1151 (9th Cir. 2016).

**MONTANA CONSUMER PROTECTION ACT CLAIM**

Plaintiffs allege in Count 1 of their Complaint that Open Mortgage violated the Montana Consumer Protection Act (MCPA). Doc. 9 at 4−5. Plaintiffs allege that Plaintiffs qualify as "consumers" under the MCPA and that Open Mortgage engages in "trade or commerce" under the MCPA. *Id*. Plaintiffs specifically allege that Open Mortgage engaged in unfair or deceitful practices when Open

Mortgage required Plaintiffs to satisfy a series of bait-and-switch loan pre-approval conditions before ultimately denying Plaintiffs' home loan application. *Id*.

The Court must assume as true all of these factual allegations for the purposes of a Rule 12(b)(6) motion. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Open Mortgage fair notice of Plaintiffs' Montana Consumer Protection Act claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 1, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 1.

**TORT CLAIMS**

**DECEIT**

Plaintiffs allege in Count 2 that Open Mortgage willfully deceived Plaintiffs with the intent to induce Plaintiffs into obtaining a home loan through Open Mortgage. *Id*. at 5. Plaintiffs specifically allege that Open Mortgage repeatedly represented that Plaintiffs had been pre-approved for a home loan, but ultimately denied Plaintiffs' home loan application. *Id*. Plaintiffs allege they suffered harm when Open Mortgage denied Plaintiffs' home loan application. *Id*.

For the purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Open Mortgage fair notice of

Plaintiffs' deceit claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 2, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 2.

### NEGLIGENT MISREPRESENTATION

Plaintiffs allege in Count 3 that Open Mortgage falsely represented a material fact (i.e., that Plaintiffs had been pre-approved for a home loan). Doc. 9 at 5. Plaintiffs allege that either Open Mortgage knew that Plaintiffs were not eligible for a home loan, or that Open Mortgage lacked reasonable grounds to represent that Plaintiffs had been pre-approved for a home loan. *Id*. Plaintiffs allege that they relied on this false representation when Plaintiffs put an offer on a new house. *Id*. at 5–6. Plaintiffs allege that they suffered harm when Open Mortgage denied Plaintiffs' home loan application. *Id*.

For the purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Open Mortgage fair notice of Plaintiffs' negligent misrepresentation claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 3, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 3.

**NEGLIGENCE**

Plaintiffs allege in Count 5 that Open Mortgage owed various duties to Plaintiffs, including a duty to act with reasonable care and skill to not cause harm to another and a duty under the Montana Mortgage Act not to engage in any scheme to defraud or mislead a borrower. Doc. 9 at 7. Plaintiffs allege that Open Mortgage breached one or more of these duties when Open Mortgage repeatedly represented that Plaintiffs had been pre-approved for a home loan, but ultimately denied Plaintiffs' home loan application. *Id*. Plaintiffs allege that they suffered harm from Open Mortgage's breach of duty. *Id*.

For the purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Open Mortgage fair notice of Plaintiffs' negligence claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 5, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 5.

**CONTRACT CLAIMS**

**BREACH OF CONTRACT**

Plaintiffs allege in Count 4 that a contract existed between Open Mortgage and Plaintiffs under which Open Mortgage would provide Plaintiffs with a home loan if Plaintiffs made an offer on a house of no more than $320,000. Doc. 9 at 6.

Plaintiffs allege that Open Mortgage breached that contract when it failed to provide Plaintiffs with a home loan after Plaintiffs made an offer on a house that was less than $320,000. *Id.* Plaintiffs allege that they suffered damages as a result of Open Mortgage's breach of contract. *Id.*

For the purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true, these factual allegations prove sufficient to provide Open Mortgage fair notice of Plaintiffs' breach of contract claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 4, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 4.

### PROMISSORY ESTOPPEL

Plaintiffs allege in Count 6 that Open Mortgage made a promise to provide Plaintiffs a home loan if Plaintiffs made an offer on a house of no more than $320,000. Doc. 9 at 8. Plaintiffs allege that they relied on that promise by selling their current house and making an offer on a new house. *Id.* Plaintiffs allege that it was foreseeable that they would rely Open Mortgage's promise. *Id.* Plaintiffs alleges that they were injured by their reliance on the Open Mortgage's promise to provide Plaintiffs with a home loan. *Id.*

For the purposes of a Rule 12(b)(6) motion, the Court must assume as true all of these factual allegations. *See Barker*, 584 F.3d at 824. When assumed true,

these factual allegations prove sufficient to provide Open Mortgage fair notice of Plaintiffs' promissory estoppel claim and the grounds on which it rests. *See Tellabs*, 551 U.S. at 319. Plaintiffs adequately have pleaded Count 6, and the Court denies Open Mortgage's motion to dismiss as it relates to Count 6.

## ORDER

Accordingly, **IT IS ORDERED** that the Motion to Dismiss (Doc. 5) is **DENIED**.

Dated this 8th day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court